## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **ANGEL HUBBARD** | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | |
| **OUTBACK STEAKHOUSE OF** | § | |
| **FLORIDA, LLC, BLOOMIN' BRANDS,** | § | **CIVIL ACTION NO.** 1:19-cv-00259 |
| **INC., OUTBACK STEAKHOUSE #4424** | § | |
| **D/B/A OUTBACK STEAKHOUSE, AND** | § | |
| **TIFANI BROWN,** | § | |
| *Defendants.* | § | |

## DEFENDANTS' NOTICE OF REMOVAL

DEFENDANTS OUTBACK STEAKHOUSE OF FLORIDA, LLC, BLOOMIN' BRANDS, INC., OUTBACK STEAKHOUSE #4424 D/B/A OUTBACK STEAKHOUSE[1] (OUTBACK) AND TIFANI BROWN (BROWN) (collectively "Defendants") file their Notice of Removal pursuant to 28 U.S.C §§ 1332 and 1441 and would show the Court as follows:

## I.
### BACKGROUND

1.      On May 13, 2019, Plaintiff Angel Hubbard ("Plaintiff") filed her Original Petition in state court asserting a premises liability claim against Defendants.  Plaintiff contends that on July 1, 2017, she was an invitee of Outback while at its restaurant located at 2060 I-10 S, Beaumont, TX 77707.  (*See* Ex. A). She claims that she slipped and fell, causing her injuries.  (*Id.*).

2.      Plaintiff contends Defendants were negligent in failing to adequately mark the dangerous floor condition and maintain the premises in a reasonable and safe condition.  (*Id.* at ¶3.2).  Plaintiff claims that Defendants knew or should have known of the dangerous condition on

---

[1] Plaintiff improperly named Outback Steakhouse #4424 as a defendant in this suit.  The correct entity, Outback Steakhouse of Florida, LLC, was also named in the suit.

the premises; they owed a duty to Plaintiff to warn of the condition or make the condition safe; and

they breached the duty by failing to warn and make safe the allegedly dangerous condition.  (*Id*. at

¶¶4.4-4.5).

## II.
### GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

3.      Pursuant to 28 U.S.C §1332(a), this case is removable to this Court on the basis of

diversity jurisdiction.

*<u>Citizenship of the Parties</u>*

4.      As stated in Plaintiff's Original Petition filed in the state court action, Plaintiff Angel

Hubbard is a resident of Beaumont, Jefferson County, Texas.

5.      Defendant Bloomin' Brands, Inc. is incorporated in Delaware with its principal places

of business in the State of Florida.  Defendant Outback Steakhouse of Florida, LLC d/b/a Outback

Steakhouse is a Florida limited liability company formed with its principal place of business in

Florida.  However, "[t]he citizenship of a LLC is determined by the citizenship of all of its

members."  *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 180 (5th Cir. 2008).  The sole member

of Defendant is OSI Restaurant Partners, LLC.  OSI Restaurant Partners, LLC is a Delaware limited

liability company with its principal place of business in Florida.  The sole member of OSI Restaurant

Partners, LLC is OSI Holdco, Inc.  OSI Holdco, Inc. is a Delaware company with its principal place

of business located at 2202 N. West Shore Blvd., 5th Floor, Tampa, Florida 33607.  Therefore,

Defendants are citizens of Delaware and Florida.  *See* 28 U.S.C. §1332(c)(1) ("a corporation shall be

deemed to be a citizen of every State and foreign state by which it has been incorporated and of the

State or foreign state where it has its principal place of business"); *see also Hertz Corp. v. Friend*,

559 U.S. 77, 80 (2010).

6.      Defendant Tifani Brown is a resident of Beaumont, Texas.

**_Improper Joinder of Brown_**

7.       Brown has been improperly or fraudulently joined in this case as, based on Plaintiff's Original Petition, there is no possibility that Plaintiff will be able to establish a cause of action against Brown in the state action.  *See Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 834 (E.D. Tex. 2008).  The possibility that Plaintiff will prevail on the merits "must be reasonable, not merely theoretical."  *Id*. at 835 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002)).  In assessing whether Plaintiff could possibly establish a claim against Brown, this Court should apply Texas law.  *Id*.  Whether Plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between Plaintiff's allegations and the pleaded theory of recovery.  *Id*. (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

8.       Here, Plaintiff's Original Petition asserts a premises liability claim against Brown. (*See* Ex. C.2, p. 3, ¶¶4.1-4.6).  This cause of action is based upon the allegations that Defendants "[failed] to maintain a safe and dry walkway" and that "Defendants had actual prior knowledge of the wet floor at issue but did not instruct anyone to clean it and/or post warning signs."  (*Id*. at p.2, ¶3.2).

9.       Under Texas law "an employee may not be held individually liable unless she breaches an independent duty of care she owed to the injured party separate from her employer's duty."  *Bourne*, 582 F. Supp. 2d at 838.  Plaintiff's Original Petition does not allege any facts supporting a premises liability claim against Brown in her individual capacity and/or have any allegation of fact supporting the assertion that Brown owes an independent duty of care apart from her employer's, Outback's, duty.  Additionally, as Plaintiff's Original Petition does not allege, and

cannot as Brown was not present on the date of the accident, that Brown personally directed or participated in any of the alleged negligent acts, her citizenship should be ignored.  *See Gonzalez v. Wal-Mart Stores*, No. SA-10-CV-120-XR, 2010 U.S. Dist. LEXIS 31799, *4-7 (W.D. Tex. Mar. 31, 2010).

10.     Thus, the naming of Brown as a non-diverse defendant, without any allegations, supporting her independent duty of care, is an attempt to divest this court of jurisdiction such that the Court should find Brown was improperly joined and that she should be dismissed as a defendant to this action.  *See id*. (citing *McKinney v. Home Depot, USA, Inc*., No. 4:06-cv-327-A, 2006 U.S. Dist. LEXIS 77788 (N.D. Tex. Oct. 13, 2006); *Allen v. Home Depot U.S.A., Inc*., No. SA-04—CA703XR, 2004 U.S. Dist. LEXIS 20014 (W.D. Tex. Oct. 6, 2004); *Palmer v. Wal-Mart Stores, Inc*., 65 F. Supp. 2d 564, 567 (S.D. Tex. 1999)); *see also San Juana Gaitan v. Wal-Mart Stores, Inc*., No. 2:09-CV*034, 2009 U.S. Dist. LEXIS 136151, *6-7 (W.D. Tex. Oct. 13, 2009).

### *Amount in Controversy*

11.     In her Original Petition, Plaintiff alleges she seeks monetary relief over $200,000. Therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs.  (*See* Ex. C.2, p. 4, ¶6.1).

12.     Removal of the state court action to this Court is proper pursuant to 28 U.S.C §1332(a) because there is complete diversity between Plaintiff and the properly named Defendant Flemings and the amount in controversy exceeds $75,000.

### III.
### PROPER COURT FOR REMOVAL

13.     Plaintiff filed this case, pending under Texas State Cause No. E-203830, against Defendants styled as *Angel Hubbard v. Outback Steakhouse of Florida, LLC, Bloomin' Brands, Inc.,*

*Outback Steakhouse #4424 D/B/A Outback Steakhouse and Tifani Brown* in the 172nd Judicial District Court of Jefferson County, Texas.

14.     Thus, the United States District Court for the Eastern District of Texas, Beaumont Division is the proper court in which to remove this action pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action was pending.

## IV.
### TIMELINESS OF REMOVAL

15.     Brown was served with Plaintiff's Original Petition on May 15, 2019.  Outback was served with Plaintiff's Original Petition on May 17, 2019.  Defendants filed their answer in the state court action on June 10, 2019.  Defendants are the only defendants named in the state court action. Thus, this Notice of Removal is being filed within 30 days of service of the petition upon the first served Defendant pursuant to 28 U.S.C. § 1446(b).

16.     This Notice of Removal is filed less than one year after commencement of the action pursuant to 28 U.S.C. § 1446(c)(1).

17.     This Notice of Removal is therefore timely filed.

## V.
### CONSENT TO REMOVAL

18.     Defendants are the only defendants named in the state court action; therefore, consent is not required pursuant to 28 U.S.C §1446(b).

## VI.
### NOTICE TO ADVERSE PARTIES AND STATE COURT

19.     Defendants are giving Plaintiff notice of this Notice of Removal pursuant to 28 U.S.C. §1446(d) by filing this Notice electronically with the Clerk of Court through the ECF System; the ECF System will send a Notice of Electronic Filing to Plaintiff upon filing.

20.     Defendants will also file a copy of this Notice of Removal with the 172nd Judicial District Court of Jefferson County, Texas where the state court action is currently pending as required by 28 U.S.C. §1446(d).

## VII.
### ANSWER

21.     Defendants filed an Answer in the state court action prior to this Notice of Removal.

## VIII.
### ATTACHMENTS

22.     Pursuant to Local Rule CV81 of the Local Rules of the Eastern District of Texas the following documents are being filed with this Court as exhibits to this Notice of Removal:

Exhibit A     List of Parties, Counsel, and Court Information

Exhibit B     Civil Cover Sheet

Exhibit C     Copies of all process, pleadings, orders, and other filings in the state action are as required by 28 U.S.C. §1446(a)

        Exhibit 1     Copy of the Case Summary/Docket Sheet in the State Action

        Exhibit 2     Plaintiff's Original Petition and Requests for Disclosure

        Exhibit 3     Civil Citations, Affidavit of Services and Return of Service

        Exhibit 4     Defendants' Original Answer

Exhibit D     Notice Regarding State Court, Status of State Action, and Jury Demand

Exhibit E     Certificate of Interested Persons

For the reasons above, Defendants OUTBACK STEAKHOUSE OF FLORIDA, LLC D/B/A OUTBACK STEAKHOUSE, BLOOMIN BRANDS, INC., AND TIFANI BROWN remove the civil action styled *Angel Hubbard v. Outback Steakhouse of Florida, LLC, Bloomin' Brands, Inc., Outback Steakhouse #4424 D/B/A Outback Steakhouse and Tifani Brown*, pending under Texas State Cause No. E-203830, in

the 172nd Judicial District Court of Jefferson County, Texas to this Court and request the Court place this action on its docket for further proceedings and that the Court issue all necessary orders.

Respectfully submitted,

By: /s/ *Stefani R. Williams*

Nichol L. Bunn
Texas Bar No. 00790394
Nichol.Bunn@lewisbrisbois.com
Stefani R. Williams
Texas Bar No. 24045316
Stefani.Williams@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 722-7100
Facsimile: (214) 722-7111

**ATTORNEYS FOR DEFENDANTS OUTBACK STEAKHOUSE OF FLORIDA, LLC, BLOOMIN' BRANDS, INC., OUTBACK STEAKHOUSE #4424 D/B/A OUTBACK STEAKHOUSE, AND TIFANI BROWN**

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2019, a true and correct copy of the foregoing has been filed electronically with the Clerk of Court through ECF, and ECF will send a Notice of Electronic Filing to the following:

**Via Electronic Filing**:
James "Jimmy" T. Sunosky
Brian A. Leventhal
Donato, Minx, Brown & Pool, P.C.
3200 Southwest Freeway, Suite 2300
Houston, TX 77027
jsunosky@donatominxbrown.com
bleventhal@donatominxbrown.com

*Attorneys for Plaintiff*

/s/ *Stefani R. Williams*
Stefani Williams